IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph W. Williams,

    Plaintiff,

v.                                                              Case No. 2:09cv233

Michael J. Astrue,                                 Judge Michael H. Watson
Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the Court to consider de novo the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. The Commissioner filed a timely response to the objections. For the following reasons, those objections will be overruled and judgment will be entered for the Commissioner.

### I. The Decision under Review

Plaintiff, Mr. Williams, claimed disability due to diabetes, hepatitis, and pancreatitis. He had worked in the past as a maintenance manager and an HVAC mechanic. He testified at the administrative hearing that his diabetes was not well-controlled even though he always followed the recommended treatment. He also testified to frequent debilitating flare-ups of pancreatitis and fairly constant diarrhea.

The medical records showed frequent visits to the emergency room in 2005. A number of them were for uncontrolled diabetes. Some of them showed that he did not

test his blood sugar all that frequently. One of his doctors specifically counseled him on compliance with medication therapy and follow-up. Based on this evidence, the Commissioner found that Mr. Williams could do a limited range of light work activity and denied benefits.

In his statement of errors, plaintiff argued that his testimony and the evidence concerning his abdominal pain and diarrhea were not properly evaluated or credited, and that the Commissioner should have called a medical expert to testify at the administrative hearing. The Report and Recommendation rejected these contentions, finding that the Commissioner's evaluation of plaintiff's reported symptoms and the credibility of his testimony was within the range of discretion afforded to the Commissioner in such matters. It also concluded that this was not a case where the medical record was so unclear or difficult to interpret that the Commissioner was required to obtain testimony from a medical expert. In his objections, Mr. Williams raises the same issues, arguing that the Report and Recommendation erroneously resolved these issues in the Commissioner's favor.

## II. Discussion

The issue raised by Mr. Williams is primarily related to the Commissioner's evaluation of his credibility. He asserts that the administrative decision mischaracterized the evidence concerning how frequently he experienced diarrhea. He points out that in the records of several of his emergency room visits in 2005, diarrhea or loose stools are noted. E.g, Tr. 300, 340, 358, 370, 387, and 412. He also argues that the record supports his claim of substantial weight loss, presumably from constant diarrhea. From those records, he contends that the Commissioner should necessarily

have concluded that his diarrhea was as severe as he described it, and that some limitations on his ability to perform work-related activity due to that condition should have been imposed.  Although the Commissioner did find that he needed to have a sit-stand option in order to relieve discomfort, Mr. Williams asserts that this accommodation would be wholly ineffective in relieving his abdominal discomfort or allowing him to cope with his diarrhea.

As the Commissioner's memorandum filed in opposition to the statement of errors points out (and this contention is reiterated in the Commissioner's response to Mr. Williams' objections), there are also a number of emergency room records or other medical records in which no complaints about diarrhea are noted.  E.g., Tr. 293, 336, 378-79.  In August, 2005, he complained to his doctor about chronic constipation.  (Tr. 440).  The Commissioner argues that it was reasonable to conclude that plaintiff did not suffer from constant diarrhea and that the emergency room records showed, at most, episodic bouts of diarrhea which did not result in permanent restrictions in plaintiff's ability to work.  The Commissioner also notes that the administrative decision's evaluation of plaintiff's credibility took a number of factors into account, not just those having to do with his abdominal pain, and that Mr. Williams has not argued that these were inappropriate reasons for giving less than full weight to his testimony.

The Court agrees with the Commissioner that the evidence in this case, including the evidence that plaintiff had lost weight over time, was not so one-sided as to require the Commissioner to find in plaintiff's favor.  When the medical evidence is in conflict, as it is here, when there are valid reasons for discounting the claimant's testimony, and when medical sources in the record have concluded that the claimant can do a limited

range of work, it is the unusual case where the Court will disturb the Commissioner's resolution of these types of issues.  As the Court of Appeals stated in Osburn v. Apfel, 182 F.3d 918, *3 (Table)(6th Cir. 1999),

> The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

This is simply not a case where the Court can find the Commissioner's decision fell outside the permitted range of reasonableness.  In fact, the Commissioner made a reasonable resolution of the conflicting evidence and credibility issues here. Consequently, under the prevailing "substantial evidence" standard, this Court cannot simply substitute its own decision for that of the Commissioner.  Further, the Court agrees that plaintiff has not cited any persuasive reason why the evidence in this case was so doubtful or uncertain as to require that a medical expert be called to testify at the administrative hearing.

### III. Disposition and Order

For the reasons given above, the plaintiff's objections (#17) to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation (#15) is ADOPTED.  The plaintiff's statement of errors (#11) is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of the defendant Commissioner.

_Michael H. Watson_
Michael H. Watson, Judge
United States District Court